IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY DANIEL VELASQUEZ, | 1:09-cv-0592-LJO DLB (PC) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| IVAN D. CLAY, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN FIFTEEN (15) DAYS |

_____/

Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Plaintiff filed this action in the United States District Court, Eastern District of California - Sacramento Division. On April 2, 2009, the court issued a order of intra district transfer to the Eastern District of California - Fresno Division. Both the order and new case documents were served on Plaintiff. On April 17, 2009, the order and new case documents were returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since plaintiff's mail was returned and he has not notified the court of a current address.

-1-

1       In determining whether to dismiss an action for lack of prosecution, the court must
2  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
3  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
4  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
5  sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d
6  1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this
7  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
8  case has been pending March 18, 2009.  The court cannot hold this case in abeyance indefinitely
9  based on plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice
10 to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
11 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
12 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
13 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
14 given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the
15 court apprised of his current address, no lesser sanction is feasible.

16      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
17 plaintiff's failure to prosecute.

18      These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
20 fifteen (15) days after being served with these findings and recommendations, any party may file
21 written objections with the court and serve a copy on all parties.  Such a document should be
22 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
23 objections shall be served and filed within ten days after service of the objections.  The parties
24 are advised that failure to file objections within the specified time may waive the right to appeal
25 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26     IT IS SO ORDERED.

27     Dated:    **July 13, 2009**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE
28